1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9               **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10   JAMES M. WASHINGTON, et al.,        )    No. 3:11-CV-00749 DMS (JMA)
                                         )
11              Plaintiffs,              )    **ORDER GRANTING IN PART AND**
                                         )    **DENYING IN PART DEFENDANTS'**
12              v.                       )    **SPECIAL MOTION TO STRIKE**
                                         )
13   RONALD RICHARDS, et al.,            )
                                         )
14              Defendants.              )
     _____)
15

16

17          Pending before the Court is Defendant Richards' special motion to strike, which Defendant Soda

18   Partners LLC joined in.  (Docs. 4, 7.)  For the following reasons, Defendants' special motion to strike

19   is granted in part and denied in part.

20                                **I.**

21                            **BACKGROUND**

22          On April 11, 20110, Plaintiffs filed a class action Complaint setting forth ten claims for relief:

23   (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), (2) violation of the California

24   Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), (3) violation of California Business and

25   Professions Code § 17200, (4) to set aside the trustee's sale as to lead Plaintiffs only, (5) to cancel the

26   trustee's deed as to lead Plaintiffs only, (6) to quiet title, (7) accounting, (8) abuse of process, (9)

27   trespass, and (10) conversion.  Defendant Richards filed a special motion to strike the Complaint

28   pursuant to California Code of Civil Procedure § 425.16 on April 15, 2011 ("anti-SLAPP motion"),

which Defendant Soda Partners joined in.  (Docs. 4, 7.)  Plaintiffs filed an opposition to the motion on the same day.  (Doc. 5.)

## II.

## LEGAL STANDARD

Under California's anti-SLAPP statute, "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."  Cal. Code Civ. P. § 425.16(b)(1).  An "act in furtherance of a person's right of petition or free speech" includes: "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; or (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."  *Id.* at § 425.16(e).

The anti-SLAPP movant must first make a threshold showing that the claim for relief being challenged arises from protected activity under the anti-SLAPP statute.  *Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 971 (9th Cir. 1999); *Rusheen v. Cohen*, 37 Cal.4th 1048, 1055-56 (2006). If the Court determines that such a showing has been made, it then looks to whether the party opposing the motion has demonstrated a reasonable probability of prevailing on the claim.  *Newsham*, 190 F.3d at 971.

## III.

## DISCUSSION

The Complaint states causes of action for violation of the FDCPA, violation of the Rosenthal Act, violation of § 17200, accounting, abuse of process, trespass, and conversion against Defendant Richards and claims for violation of § 17200 and accounting against Defendant Soda Partners.  Richards

argues the claims against him relate solely to the filing of an unlawful detainer proceeding against Plaintiffs on behalf of his client, Soda Partners, and that his conduct is privileged under California Civil Code § 47.

The Complaint alleges Defendants had actual knowledge that Plaintiffs owed nothing on their loans because they had been "securitized" and that the foreclosures on the properties were therefore invalid, yet initiated unlawful detainer actions nonetheless, thereby aiding and abetting in the fraud against Plaintiffs. (Complaint ¶¶ 6, 13(o).) The Complaint further alleges Defendants violated the debt collection statutes "in prosecuting the unlawful detainers." (*Id.* at ¶ 67.) Plaintiffs also allege Defendants "obtained access to state courts to evict home owners, under false pretenses, namely, that Defendants were duly authorized to engage in such activities when in fact they were not." (*Id.* at ¶ 67(f).) As to Richards specifically, Plaintiffs allege, at the time he filed the unlawful detainer actions on behalf of his clients, he:

> knew of the material defects of said foreclosure sales. In fact, they were notified and had personal knowledge of such. However, instead of ceasing their unlawful activities, the Richards often personally verified the complaints, and in some cases other documents claiming to have personal knowledge of the complaints for eviction and asserted they knew their contents to be true. The real facts are that Defendant Richards was and is fully aware that Plaintiffs' loans were securitized, and that his clients had no legal right to foreclose, and intentionally concealed this from the courts in the eviction actions in order to steal Plaintiffs' property.

(*Id.* at ¶ 63.) Plaintiffs allege Richards "used the inherent power of the courts to further [his] ulterior motives" and "[knew], or should have known, that the foreclosure on the Subject Property was invalid and illegal, yet defendants pursued possession of the Subject Property via the power of the courts by filing an improper unlawful detainer action." (*Id.* at ¶¶ 101-02.) The Complaint also defines the class that Plaintiffs seek to represent as "[a]ll persons that have been named defendants in unlawful detainer actions by Richards, within 1 year preceding the filing of this complaint where the plaintiff [sic] brought the action after a foreclosure and trustee sale." (*Id.* at ¶ 40(a).) The Complaint contains no specific allegations as to Soda Partners, but presumably intends the allegations of conduct by "Defendants" in general to include Soda Partners.

As an initial matter, although anti-SLAPP motions may be brought in federal court to strike state law claims, the anti-SLAPP statute does not apply to federal law claims. *See Hilton v. Hallmark Cards*,

599 F.3d 894, 901 (9th Cir. 2010).  Accordingly, Defendants' special motion to strike Plaintiffs' claim for violation of the FDCPA is **denied**.  As to Plaintiffs' state law claims for violation of the Rosenthal Act, violation of § 17200, accounting, and abuse of process, the basis of these claims is Plaintiffs' allegations regarding Defendants' alleged bringing of an unlawful detainer action to evict them from their property.  As Defendants have shown, the action of prosecuting an unlawful detainer action is a protected activity under § 425.16.  *See Clark v. Mazgani*, 170 Cal. App. 4th 1281, 1286 (2009)("There is no question that the prosecution of an unlawful detainer action is indisputably protected activity within the meaning on section 435.16.").  Accordingly, Defendants have made a threshold showing that Plaintiffs' claims for violation of the Rosenthal Act, violation of § 17200, accounting, and abuse of process arise from protected activity under the anti-SLAPP statute.

Because Defendants have made a threshold showing that Plaintiffs' claims for violation of the Rosenthal Act, violation of § 17200, accounting, and abuse of process arise from protected activity under the anti-SLAPP statute, the Court looks to whether Plaintiffs have demonstrated a reasonable probability of prevailing on these claims.  In so doing, Plaintiffs must demonstrate that these claims in the Complaint are "both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited."  *Kearny v. Foley & Lardner, LLP,* 590 F.3d 638, 648 (9th Cir. 2009)(quoting *Navellier v. Sletten*, 29 Cal.4th 82, 88-89 (2002).).

Plaintiffs do not even address the standard set forth under the anti-SLAPP statute in their opposition.  They argue the claims against Richards and Soda Partners other than for violation of the FDCPA are "mostly" for aiding and abetting other Defendants "by pursuing an illegal eviction with full knowledge that it was unlawful."  (Opp. at 3.)  However, they make no arguments as to why they have a reasonable probability of prevailing on their claims against Defendants for aiding and abetting, nor have they stated a legally sufficient claim for aiding and abetting in the Complaint.  Plaintiffs also argue that the unlawful detainer action against them does not act as *res judiciata* in the instant action, but they similarly say nothing about the legal sufficiency of or their likelihood of prevailing on the claims set forth against Richards and Soda Partners in the Complaint.  Because Plaintiffs have not presented the Court with anything demonstrating a reasonable probability of prevailing on their claims, they have

failed to meet their burden under the anti-SLAPP statute.  Accordingly, Defendants' special motion to strike Plaintiffs' claims for violation of the Rosenthal Act, violation of § 17200, accounting, and abuse of process is **granted**.

However, as to the claims for trespass and conversion against Richards, Plaintiffs allege Richards "broke into Plaintiffs' home with no lawful right to do so," and "looted Plaintiffs' house, and stole all of the personal property belonging to Plaintiffs including the family pets."  (Complaint ¶¶ 109, 113.) Although these allegations may not be legally sufficient to survive a motion to dismiss, Richards has not sufficiently shown that these claims arise from protected activity under the anti-SLAPP statute. Accordingly, his special motion to strike Plaintiffs' claims for trespass and conversion is **denied**.

Richards also requests attorneys' fees in connection with his special motion to strike in the amount of $13,200.00.  Should Richards intend to seek attorneys' fees in connection with this motion, he may file a separate motion for attorneys' fees.  However, in light of the circumstances of this case,[1] the Court would not look favorably upon such motion.

## IV.

## CONCLUSION

For the foregoing reasons, Defendants Richards and Soda Partners' special motion to strike is granted in part and denied in part.

**IT IS SO ORDERED.**

DATED:  August 11, 2011

_____

HON. DANA M. SABRAW
United States District Judge

---

[1]     At the time they filed the Complaint in this action, Plaintiffs were represented by Michael T. Pines.  However, on May 10, 2011, Defendant Quality Loan Service Corporation filed a Notice to Plaintiffs of the State Bar Court of California's Decision and Order of Inactive Enrollment making Mr. Pines an inactive member of the State Bar of California.  (Doc. 16.)  Plaintiffs have not since substituted in new counsel.