UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. WASHINGTON, *et al.*,<br><br>　　　　　　　　　　　　Plaintiffs,<br>　vs.<br>RONALD RICHARDS, *et al.*,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 11cv749 DMS (JMA)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |

In this mortgage foreclosure action, Defendant Ronald Richards filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) and (6). Defendant Soda Partners, LLC ("Soda") joined in Mr. Richards' motion. Plaintiffs did not file an opposition. For the reasons which follow, Defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.

According to the allegations in the complaint and the documents attached to the motion,[1] on or about April 29, 2005, Plaintiffs borrowed $950,000 from a predecessor in interest to Defendant HSBC Bank USA N.A. ("HSBC"). The loan was secured by a deed of trust on their residence located at 301 S. Irving Blvd. in Los Angeles, California ("Residence"). Plaintiffs alleged the mortgage became a part of a mortgage-backed security. They claim that if proper accounting is done for various financial transactions in the securitization process, they do not owe anything on their loan.

On or about December 14, 2009, Defendant Quality Loan Service Corp. ("Quality") caused a Notice of Default and Election to Sell to be recorded on behalf of HSBC. On or about July 20, 2010,

---

[1] The Court takes judicial notice of the documents because they are public records. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

- 1 -

Quality issued a notice of intent to sell the Residence at a public auction on August 9, 2010. On or about August 9, 2010, Plaintiffs filed a bankruptcy petition under Chapter 13. The case was later converted to Chapter 7.

On or about January 19, 2011, the Residence was sold to Soda at a trustee's sale. Plaintiffs alleged that the note and deed of trust were never properly assigned to HSBC, and that HSBC therefore could not authorize the trustee's sale of the Residence. On January 23, 2011, Plaintiffs filed an adversary proceeding in their bankruptcy case seeking to set aside the trustee's sale, cancel the trustee's deed, quiet title and for injunctive relief. On Soda's motion, the adversary proceeding was dismissed with prejudice on March 28, 2011.

Soda, represented by Mr. Richards, filed an unlawful detainer action against Plaintiffs and obtained a judgment on March 3, 2011. On the same day, Soda filed an action for holdover damages, trespass and interference with prospective economic advantage against Plaintiffs. A default judgment, including $31,500 in damages, was entered against Plaintiffs on September 2, 2011.

On April 11, 2011, Plaintiffs filed the instant action against Mr. Richards, Soda, Quality, Select Portfolio Loan Servicing, Inc., HSBC and Remington Moving and Storage ("Remington Moving"). They alleged claims for violations of the Fair Debt Collection Practices Act ("FDCPA" or the "Act"), California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") and California Business and Professions Code § 17200, in addition to claims for accounting, abuse of process, trespass, and conversion, as well as claims to set aside the trustee's sale, cancel the trustee's deed and quiet title. Plaintiffs alleged federal subject matter jurisdiction pursuant to 28 U.S.C. Section 1331 based on the FDCPA claim, and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. Section 1367. Based on the docket, it does not appear that any Defendants have been served with process.

Mr. Richards, joined by Soda, filed a motion to strike pursuant to California Code of Civil Procedure Section 425.16. On August 11, 2011, the motion was granted in part. The only claims remaining against Mr. Richards and Soda are for: (1) FDCPA violation against Mr. Richards; (2) quiet title against Soda; (3) trespass against Mr. Richards; and (4) conversion against Mr. Richards. Mr. Richards and Soda move to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue and Rule 12(b)(6) for failure to state a claim. No opposition was filed.

If an opposing party fails timely to file opposition papers as provided in Civil Local Rule 7.1(e)(2), "that failure may constitute a consent to the granting of a motion or other request for ruling by the court." S.D. Cal. Civ. Loc. R. 7.1(f)(3)(c). Plaintiffs' counsel was served with the instant motion, but has not filed an opposition.[2] Accordingly, the Court may grant the motion as unopposed. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995).

Nevertheless, in the interests of justice, the Court considers the merits of Defendants' motion. Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also Shroyer*, 622 F.3d at 1041. In this regard, "to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer*, 622 F.3d at 1041, citing *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949, citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Plaintiffs alleged Mr. Richards and other Defendants violated the FDCPA. The only alleged basis for liability against Mr. Richards is that he represented Soda in the unlawful detainer action against Plaintiffs. Mr. Richards argues this is insufficient for liability under the FDCPA. The Act "imposes civil liability on debt collectors for certain prohibited debt collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, __ U.S. __, 130 S.Ct. 1605, 1608 (2010) (internal quotation marks and brackets omitted). It defines the term "debt collector" in pertinent part as "any

---

[2] On April 28, 2011, Plaintiffs' sole counsel of record, Michael T. Pines, was found ineligible to practice law by the California State Bar Court. (*See* Notice filed by Quality on May 10, 2011.) Pursuant to the order, Mr. Pines became disqualified to act as an attorney and was ordered to seek substitution of counsel in his cases. (*Id*. Ex. A at 16.) To date, Mr. Pines has not sought substitution in this case.

- 3 -

1  person who uses any instrumentality of interstate commerce or the mails in any business the principal
2  purpose of which is the collection of any debts, or who regularly collects or attempts to collect,
3  directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §
4  1692a(6). The term "debt" is defined in pertinent part as a consumer obligation to "pay money." *Id.*
5  § 1692a(5). Accordingly, to be subject to liability under the FDCPA, a defendant must be a debt
6  collector seeking to collect money on consumer debt. Mr. Richards was involved as counsel in an
7  unlawful detainer action, the object of which was to recover possession of the Residence rather than
8  a money debt. Defendants' motion to dismiss the FDCPA claim as to Mr. Richards is therefore
9  **GRANTED**. Because it does not appear that the claim could be saved by amendment, the dismissal
10 is without leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

11 Defendants next move to dismiss the quiet title claim against Soda. They argue the claim is
12 barred by the res judicata. The identical claim was asserted against Soda in Plaintiffs' adversary
13 proceeding in the bankruptcy court. The adversary complaint was dismissed with prejudice on Soda's
14 motion. (*See* Defs' Ex. B.)  "The preclusive effect of a federal-court judgment is determined by
15 federal common law," when subject matter jurisdiction in the prior case is based on federal question
16 rather than diversity. *Taylor v. Sturgell*, 553 U.S. 880, 891 & n.4 (2008). Under the federal doctrine
17 of claim preclusion,[3] "a final judgment forecloses successive litigation of the very same claim, whether
18 or not relitigation of the claim raises the same issues as the earlier suit." *Id.* at 892 (internal quotation
19 marks and citation omitted). Accordingly, the present quiet title claim is barred by claim preclusion.
20 *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 686, 689 (9th Cir. 2004)
21 (entering a separate document captioned as judgment not required if nothing else is left to be decided).
22 Defendants' motion to dismiss the quiet title claim is **GRANTED** as to Soda without leave to amend.

23 Mr. Richards argues that the trespass and conversion claims are also barred by res judicata
24 based on the dismissal of the adversary proceeding. Plaintiffs' complaint in the adversary proceeding
25 did not include these claims. (*See* Defs' Ex. B.) However, in their request for injunctive relief,
26 Plaintiffs alleged "they are the rightful holder of sole possession and interest" in the Residence and

27

28     [3]     The doctrines of claim preclusion and issue preclusion are collectively referred to as "res judicata." *Id.* at 892.

- 4 -

that Soda and its agents "wrongfully and unlawfully" asserted an interest in it.  (*See id*. (Adversary Compl. at 7)).)  They requested the bankruptcy court to enjoin Soda and its agents from "attempting to obtain possession of the premises," and order Soda to restore title and ownership of the Residence to Plaintiffs.  (*Id*. (Adversary Compl. at 8).)  In the trespass and conversion claims in this case, Plaintiffs alleged Mr. Richards, along with Remington Moving, broke into the Residence "with no legal right to do so," and that they "looted" the Residence "and stole all of the personal property belonging to Plaintiffs including family pets."  (Compl. ¶¶ 109 & 113.)  The complaint provides no basis to infer that Mr. Richards was acting in any capacity other than as Soda's counsel.

The federal doctrine of issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor*, 553 U.S. at 892 (internal quotation marks and citation omitted).  Plaintiffs' trespass claim against Mr. Richards in this action is premised on Plaintiffs' right to possession of the Residence.  In the adversary proceeding, Plaintiffs requested the bankruptcy court to enjoin Soda from taking possession of the Residence and quiet title in Plaintiffs.  Accordingly, the issue of Plaintiffs' ownership and possessory interest in the Residence was litigated and finally adjudicated in the adversary proceeding.  The trespass claim is therefore barred by the doctrine of issue preclusion. Defendants' motion to dismiss the trespass claim as to Mr. Richards is **GRANTED** without leave to amend.

However, the conversion claim does not allege an invasion of Plaintiffs' interest to the Residence, but in their personal property.  The issue of right to possession of Plaintiffs' personal property was not raised or decided in the adversary proceeding.  Accordingly, Defendants' res judicata argument in relation to this claim is rejected.  Their alternative argument, that only the Chapter 7 Trustee has standing to prosecute this claim is also rejected.  Although the Residence was listed on the bankruptcy schedules, Defendants do not contend that Plaintiffs' personal property, or any claims related to it, were listed or that they belonged to the Chapter 7 estate.  (Defs' Mot. at 8 & Ex. G.) Defendants' motion to dismiss the conversion claim is therefore **DENIED**.

To the extent any part of their motion is denied, Defendants move to dismiss or transfer this action pursuant to Rule 12(b)(3). They do not point to any applicable venue statute. Pursuant to 28 U.S.C. Section 1391(b),

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Dismissal or transfer of a case pursuant to Rule 12(b)(3) is appropriate when venue is improper. Although Defendants are correct that venue would properly lie in the Central District, they have not made any showing that venue in this District is improper. Accordingly, their motion under Rule 12(b)(3) is **DENIED**.

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs' claims against Ronald Richards for violation of the Fair Debt Collection Practices Act and trespass, and their quiet title claim against Soda Partners, LLC are **DISMISSED WITH PREJUDICE**. In all other respects, the motion is denied.

**IT IS SO ORDERED.**

DATED: December 14, 2011

_____
HON. DANA M. SABRAW
United States District Judge